IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 20-cv-00186-RM-KMT

DON KEVIN WOODSON,

    Plaintiff,

v.

ARMOR CORRECTIONAL HEALTH SERVICES, INC.,
BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF EL PASO,
EL PASO COUNTY SHERIFF'S OFFICE,
BILL ELDER, Sheriff,
AMERICAN MEDICAL RESPONSE, INC.,
UCH-MHS d/b/a University of Colorado Health Memorial Hospital Central,
LUCAS A. HENNINGS, M.D.,
CANDIDA R. RODRIGUEZ, N.P.,
MARY MARSH, P.A.,
KANDEE HAMMILL, R.N.,
TRACEY L. DANIELS, PA-C,
JILL W. VESSEY, M.D.,
AMY K. CURRAN, M.D.,
JAMES C. SANDBERG, PA-C,
JONATHAN P. O'NEIL, M.D., and
ROBERT D. WEBER, M.D.,

    Defendants.

---

## ORDER

---

This lawsuit brought under 42 U.S.C. § 1983 and Colorado state law is before the Court on the Recommendation of United States Magistrate Judge Kathleen M. Tafoya (ECF No. 114) to grant two pending motions to dismiss by various Defendants (ECF Nos. 77, 78) and to deny as moot a third motion to dismiss pertaining to Plaintiff's state law claims only which was filed and joined by various other Defendants (ECF No. 66). Plaintiff has filed Objections to the

Recommendation (ECF No. 115), and two Responses to the Objections have been filed (ECF Nos. 118, 119). For the reasons below, the Court overrules the Objections and accepts the Recommendation, which is incorporated into this Order by reference, *see* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

### I.     LEGAL STANDARDS

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation to which a proper objection is made. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted).

When a § 1983 defendant raises the defense of qualified immunity, it is the plaintiff's burden to show that an official violated a federal constitutional or statutory right and that the right was clearly established at the time of the conduct. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

## II. BACKGROUND

The Court provides this abbreviated summary for purposes of evaluating Plaintiff's Objections; a more detailed exposition of Plaintiff's allegations can be found in the Recommendation. (*See* ECF No. 115 at 1-9.) Plaintiff struggles with significant mental health issues. On February 2, 2018, police arrested him on domestic violence charges, employing a dog that bit him in several places, including his left foot. Once in custody, Plaintiff was taken first to the hospital, where he was treated for a bite wound to his left arm, and then to the El Paso County Criminal Justice Center ("CJC"). CJC is operated by Defendants Board of County Commissioners of the County of El Paso, El Paso County Sheriff's Office, and Elder, the sheriff of El Paso County (collectively, "the EPC Defendants").

For the next nine days, Plaintiff remained in custody at CJC, where he showed various signs of mental illness, including chewing at the wound on his arm, washing in the toilet, sitting naked on the floor appearing to talk to people, laying naked on his bed in a puddle of urine, and refusing medication. Defendant Armor Correctional Health Services, Inc. ("ACHS") was the contracted medical provider at CJC and employer of Defendant Hammill, a nurse, and Defendant Marsh, a physician's assistant (collectively with their employer, "the Armor Defendants").

On February 11, Defendant Marsh discussed Plaintiff's condition with a doctor, and it was decided that he would be taken back to the hospital. Defendant Hammill handled paperwork

3

related to the transfer. Within days, a podiatric surgeon determined that Plaintiff's foot had become infected to the point where Plaintiff's leg needed to be amputated below the knee. That surgery was performed on February 20, and Plaintiff was returned to CJC on March 2.

Plaintiff's eighty-five-page complaint asserts twenty-two claims against seventeen individual and entity Defendants, all arising out of his medical care during this period. A handful of the claims assert deliberate indifference to Plaintiff's medical needs under the Fourteenth Amendment by various Defendants, but the bulk of them assert negligence under state law.

The Armor Defendants moved to dismiss the claims against them for failure to state a claim, arguing that Plaintiff failed to establish an underlying constitutional violation to support a § 1983 claim and that the Court should decline to exercise supplemental jurisdiction over the state law claims. (ECF No. 78.)

The EPC Defendants also moved to dismiss the claims against them for failure to state a claim, arguing that Plaintiff failed to establish an underlying constitutional violation to support a municipal or supervisory liability claim, that these claims fail as a matter of law, that Defendant Elder is entitled to qualified immunity, and that Plaintiff's state claims fail as a matter of law.

After the motions were fully briefed, the magistrate judge issued a Recommendation to grant them both. The magistrate judge determined that Plaintiff's Complaint lacked allegations showing Defendants Hammill and Marsh acted with deliberate indifference. *See Sawyers v. Norton*, 962 F.3d 1270, 1283 (10th Cir. 2020) ("To satisfy the subjective component [of a deliberate indifference claim under the Fourteenth Amendment], the plaintiff must show the official knows of an disregards an excessive risk to inmate health or safety." (quotation

4

omitted)). Noting the absence of any allegations pertaining to Defendant Hammill concerning conduct prior to February 11—the day she observed a scab on Plaintiff's left foot and he was subsequently transferred back to the hospital—the magistrate judge determined there was no basis for finding that this Defendant knowingly disregarded a risk of Plaintiff's claimed harm associated with his amputation. (ECF No. 114 at 16.) With respect to Defendant Marsh, the magistrate judge noted that the Complaint alleged she made notes on Plaintiff's medical chart on three dates prior February 11, but none of them pertained to his foot. On February 11, Defendant Marsh consulted with an off-site doctor about transferring Plaintiff to the hospital. Although Defendant Marsh noted a scabbed wound on Plaintiff's foot on that day, the primary reasons for transferring him were concerns about possible infection (septicemia) and his altered mental status and malnourishment. Thus, the magistrate judge concluded that the allegations fell short of establishing that Defendant Marsh was deliberately indifferent to his medical needs. (*Id.* at 18-21.)

With respect to Defendant ACHS, the magistrate judge determined that Plaintiff's allegations did not show a specific policy or custom that was the moving force behind any deprivation of his constitutional rights. Nor did the allegations establish a direct link between such a policy or custom and any violation of his constitutional rights, according to the Recommendation. Thus, the magistrate judge concluded that the claims against ACHS should be dismissed.

Next, the magistrate judge found that the allegations regarding the entity EPC Defendants were entirely conclusory and failed to establish any regulation or policy statement that could serve as a basis for liability under § 1983. The magistrate judge further found that supervisory

liability did not attach to Defendant Elder by virtue of his supervisory status alone and that the allegations regarding unspecified policies and procedures were too broad and conclusory to support a claim for relief. The magistrate judge also found that the allegations did not support a finding that Defendant Elder acted with deliberate indifference. Therefore, the magistrate judge concluded that Defendant Elder was entitled to qualified immunity.

Upon determining that the federal claims should be dismissed, the magistrate judge recommended declining to exercise supplemental jurisdiction over the state claims. *See Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (stating that when all federal claims have been dismissed from a case, a district court usually should decline to exercise jurisdiction over any remaining state claims). To the extent Plaintiff's responses to the motions to dismiss included a request for leave to amend the Complaint, the magistrate judge further recommended that such request be denied for failure to comply with the Local Rules of Practice. *See* D.C.COLO.LCivR 15.1.

### III. ANALYSIS

Plaintiff asserts seven Objections to the Recommendation. He first argues that the magistrate judge erred in her findings regarding the Armor Defendants. But although Plaintiff takes issue with how some of his allegations are characterized in the Recommendation, he fails to identify any findings that are erroneous. To establish that these Defendants were deliberately indifferent to Plaintiff's health and safety, he needed to show both that they were aware of facts from which the inference could be drawn that a substantial risk of harm existed and also that they drew such an inference. *See Burke v. Regalado*, 935 F.3d 960, 992 (10th Cir. 2019). But the mere fact that Plaintiff was exhibiting signs of significant mental illness does not mean that the

Armor Defendants were deliberately indifferent, as Plaintiff's arguments seem to suggest. As a result, Plaintiff's contention that the magistrate judge "failed to appropriately consider" or "ignored" allegations about his mental health issues is unavailing. (ECF No. 115 at 9.) Allegations that these issues prevented the Armor Defendants from completing an initial assessment of Plaintiff possibly do suffice to state a claim for negligence, but they do not establish a basis for finding a violation of his constitutional rights. *See Burke*, 935 F.3d at 992 ("A medical professional's accidental or inadvertent failure to provide adequate medical care, or negligent diagnosis or treatment of a medical condition do not constitute a medical wrong under the Eighth Amendment." (quotation omitted)). And the Court need not accept as true Plaintiff's conclusory assertion that "no steps were taken to provide or obtain needed medical attention" (ECF No. 115 at 11), which is flatly refuted by multiple allegations in the Complaint. Accordingly, the Court discerns no erroneous factual findings in the Recommendation pertaining to the Armor Defendants.

Second, Plaintiff argues the magistrate judge should have found that the allegations supported an inference Defendant Hammill acted deliberately by failing to document his foot wound on a form submitted to hospital personnel at the time he was transferred back to the hospital. Plaintiff speculates that if she had done so, hospital personnel would have discovered and treated his foot injury sooner. However, under the circumstances presented in the Complaint, the fact that Defendant Hammill did not document what appeared to be a relatively minor injury on Plaintiff's foot does not support an inference that she was deliberately indifferent to his medical needs. *See Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2000) (concluding that a nurse who, at worst, misdiagnosed inmate and failed to pass on information

7

about his chest pain was entitled to summary judgment). Again, possible negligence in providing medical treatment is insufficient to state a constitutional violation. *See Burke*, 935 F.3d at 992. Thus, the magistrate judge properly concluded that the allegations do not establish deliberate indifference on the part of Defendant Hammill.

Third, Plaintiff contends that the magistrate judge erred with respect to evaluating Defendant Marsh's conduct once she noticed a scab on Plaintiff's foot. But the Complaint alleges that on the same day, Defendant Marsh called the off-site doctor and, shortly thereafter, Plaintiff was transferred to the hospital. Such circumstances fail to establish that Defendant Marsh refused to fulfill her gatekeeper function or delayed or prevented Plaintiff's treatment. *See id.* Therefore, the Court agrees that the allegations fail to establish deliberate indifference on the part of Defendant Marsh.

Fourth, Plaintiff contends that the magistrate judge's findings with respect to municipal liability were erroneous. The basis for this objection seems to be that the EPC Defendants should be held liable for contracting with Defendant AMHC to provide medical care at CJC despite "a well-documented and widely-publicized pattern and practice" of providing inadequate medical care at jails and prisons nationwide. (ECF No. 115 at 18.) In his Objections, Plaintiff cites three paragraphs in the Complaint restating this basic assertion in nearly identical language. (ECF No. 1 at ¶¶ 130, 139, 148.) The Court agrees with the magistrate judge's assessment of these allegations as entirely conclusory. Such allegations provide no basis for finding a policy or custom that would support a municipal liability claim. The Court further agrees that the magistrate judge properly declined to consider newspaper articles the Plaintiff submitted with his responses to the motions to dismiss as they are not incorporated into the Complaint by reference,

central to Plaintiff's claim, or matters of which the Court may take judicial notice. As a result, the Court agrees that Plaintiff's municipal liability claim is properly rejected.

Fifth, Plaintiff argues that the magistrate judge erred by finding Defendant Elder was entitled to qualified immunity because the allegations in the Complaint were insufficient to state a supervisory liability claim against him. In his Objections, Plaintiff fails to identify any specific allegations in the Complaint that refute or undermine this conclusion. The Court discerns no error.

Sixth, Plaintiff contends that the Court should disregard the magistrate judge's recommendation not to exercise supplemental jurisdiction over his state law claims. This argument is premised on the Court finding that the Complaint sets forth at least one claim for a violation of Plaintiff's constitutional rights. The Court has rejected that premise for the reasons stated in this Order; accordingly, this argument fails.

Seventh, Plaintiff contends that the magistrate judge should have granted him permission to amend his Complaint. Plaintiff has failed to file a separate motion in support of his request and to file a proposed amended complaint that would allow the Court to assess whether amendment would be futile. Accordingly, the Court finds the Plaintiff's request for leave to amend is properly denied.

## IV. CONCLUSION

Therefore, the Court OVERRULES Plaintiff's Objections (ECF No. 115), ACCEPTS and ADOPTS the Recommendation (ECF No. 114), GRANTS the EPC Defendants' Motion to Dismiss (ECF No. 77), GRANTS the Armor Defendants' Motion to Dismiss (ECF No. 78), and

DENIES AS MOOT the other pending Motion to Dismiss (ECF No. 66). The Clerk is directed to CLOSE this case.

DATED this 19th day of March, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge